IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN JACOB | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-0940-CV-W-HFS |
| | ) |
| CHESLEY BROWN INTERNATIONAL, | ) |
| INC. and THOMAS WHITENER | ) |
| Defendants. | ) |

**ORDER**

Before the court is plaintiff's second motion for remand. Defendants, Chesley Brown International, Inc. "Chesley Brown" and Thomas Whitener, have submitted their brief in opposition, and plaintiff has replied. Thus, the matter is now fully briefed and ripe for ruling.

**Factual and Procedural Background**

On April 14, 2009, plaintiff commenced an action against defendants, in the Circuit Court of Jackson County at Independence, Missouri. (Second Notice of Removal: Exh.1., Petition). Plaintiff alleged two counts of retaliation in violation of the Missouri Human Rights Act, pursuant to Mo.Rev.Stat. § 213.55 and Mo.Rev.Stat. § 213.065. (Id). Specifically, plaintiff alleged that he was employed as a security officer with Chesley Brown, a security management company, from February 11, 2008, thru July 24, 2008. (Id: ¶¶ 10-11). At the time of plaintiff's employment, Chesley Brown provided security for the Kansas City Power & Light District, and on June 5, 2008, a female colleague advised plaintiff of her intention to file a sexual harassment complaint against fellow colleague Gary Magers for directing inappropriate sexual comments to her. (Id: ¶¶ 12-13). Plaintiff

states that he witnessed Gary Magers and defendant Thomas Whitener make vulgar sexual comments about the female employee as well as racist slurs against various minority groups. (Id: ¶¶ 14, 22). Plaintiff also states that he lodged several complaints about this conduct with various managing personnel, and after lodging these complaints he received disciplinary "coaching" from Whitener. (Id: ¶¶ 15-20, 22). Plaintiff was ultimately terminated on July 24, 2008, by Whitener upon the recommendation of employee Josh Noland. (Id: ¶¶ 29-30).

On May 20, 2009, defendants removed the action to this court pursuant to 28 U.S.C. § 1332. Defendants claimed that because plaintiff and Chesley Brown were residents of different states and the amount in controversy exceeded $75,000, diversity jurisdiction was established. (Case No. 09-388, Notice of Removal: ¶ 6). According to defendants, Whitener was fraudulently joined to defeat diversity and should be dismissed from the action because plaintiff failed to exhaust administrative remedies as to this defendant. (Id: ¶¶ 6, 12-19). Subsequently, upon evidence that plaintiff timely filed a charge with the Missouri Commission on Human Rights, the parties jointly moved to remand the action to the Circuit Court of Jackson County, Missouri; the motion was granted. (Docs. 9 and 10).

On November 4, 2009, defendants once again removed the action to this court claiming that Whitener was fraudulently joined - this time arguing that Whitener was not plaintiff's employer as defined by the Missouri Human Rights Act. Plaintiff counters that defendants' claim that Whitener does not meet the definition of an employer as defined by Mo.Rev.Stat. § 213.010.7 is belated and time-barred for removal purposes. Plaintiff also argues that inasmuch as he and Whitener are both residents of Missouri, under 28 U.S.C. § 1441(b), federal jurisdiction is lacking.

## Analysis

Standard

28 U.S.C. § 1446(b) states in pertinent part that:

> The notice of removal in a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Much of the argument presented has been framed around the question of whether Whitener could be considered plaintiff's employer as defined by the Missouri Human Rights Act. If so, plaintiff claims he properly identified Whitener as a named defendant in his petition. Conversely, defendants contend that Whitener can not be considered an employer, and therefore, was fraudulently joined. However, the fact of the matter is that the sole issue before this court is whether the removal of this action, based on Whitener's status, was timely. In other words, inquiry is properly made as to Chesley Brown's timely or untimely investigation of Whitener's status.

In Petersen v. Cates Sheet Metal Industries, Inc., 1996 WL 40999 (W.D.Mo.), I remanded the case because of untimely removal when a demand letter had been received long before removal. I did, however, somewhat downplay a "duty to investigate" theory as to amount in controversy, until there was "actual notice" that the amount exceeded the jurisdictional amount.

In Petersen I also said, however, that amount in controversy was somewhat unusual in not

requiring a burdensome investigation. I said that "investigating jurisdictional facts is not overly burdensome when the question is the citizenship of the parties, as this issue can, in most cases, be readily determine." Id, at *3. Fraudulent joinder theories present jurisdictional facts that are even easier to investigate than citizenship of co-defendants. An internal inquiry within Chesley Brown's own organization should disclose the basis for claiming fraudulent joinder. Thus, shortly after the filing of the petition and long before the deposition was taken a reasonable inquiry by Chesley Brown should have disclosed a basis for removal, and it should not have waited until it discovered plaintiff's theory. The Kentucky Court so ruled in Williams v. Cracker Barrel Old Country Store, Inc., 2006 WL 1793614 (E.D.Ky.), and I agree.

This case should be remanded as untimely removed.

Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (ECF doc. 11) is GRANTED. The above captioned case is REMANDED to the Circuit Court of Jackson County, Missouri at Independence within seven (7) days from the date of this order.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  26 , 2010

Kansas City, Missouri